UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-CV-11823-RWZ

BRENDA RYANS

v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration

MEMORANDUM & ORDER

September 22, 2022

ZOBEL, S.D.J.

Plaintiff Brenda Ryans ("Plaintiff") filed claims for social security disability insurance benefits ("SSDI") and supplemental security income ("SSI") in December of 2014. Those claims were denied in March of 2017. That denial became the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") in November of 2017. On May 3, 2019, Plaintiff filed a request to reopen her 2014 claims, which the Appeals Council denied on December 5, 2019. On February 6, 2020, Plaintiff requested an extension of time to file an appeal from the December 5, 2019 denial. That request was denied on August 3, 2020. Plaintiff followed with the instant complaint on October 7, 2020. It is now before this court on Defendant's motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and untimeliness, Docket # 24, which motion is allowed.

Pursuant to 42 U.S.C. § 405(g), Plaintiff had 60 days from receipt of a decision to seek review in the district court. Her complaint, filed on October 7, 2020, is at least 8

1

months late.[1]  To overcome her failure to timely file, Plaintiff must demonstrate "good cause".  See 20 C.F.R. § 404.989; Social Security Administration ("SSA") Program Operations Manual System ("POMS") §§ DI 27505.001A.3, 4.b.  She posits three potential bases for good cause: (1) the ALJ was not properly appointed; (2) the Commissioner's failure to respond to Plaintiff's request for an audio recording was a "clerical error"; and (3) the ALJ's failure to list her pre-hearing brief as an exhibit was an "error on the face of the evidence."  None of these establish good cause.

First, Plaintiff argues that the ALJ was not properly appointed based on a change in legal interpretation as established in Lucia v. SEC, 138 S. Ct. 2044 (2018).  However, good cause may not be based upon change in legal interpretation.  20 C.F.R. § 404.989; see also Cirko v. Comm'r Social Sec., 948 F.3d 148, 159 (3d Cir. 2020) (explaining that there will not be extensive appeals of claims following Lucia because claimants have either already filed appeals in district court or are now time-barred from doing so under the SSA's 60-day filing requirement).

Second, Plaintiff asserts that Defendant's failure to provide an audio recording of the hearing before the ALJ was a "clerical error."  The SSA's rules define clerical errors as those that relate to the computation of benefits and the processing thereof.  See 20 C.F.R. § 404.989.  The failure to respond to a request for an audio recording is not a "clerical error."

---

[1] After the final denial of her benefits on November 14, 2017, she had until January 18, 2018, to file a complaint in federal court.  Then, after the Commissioner's decision not to reopen her claims on December 5, 2019, she had until February 8, 2020 to file a complaint in federal court.  Instead, she requested an extension to file her complaint, which the Appeals Council denied for failure to demonstrate good cause.  Docket # 1-12; see also 20 C.F.R. §§ 404.911, 404.982, 416.1482.  Plaintiff has not alleged that the Commissioner abused his discretion in denying her request for an extension of time to file her complaint.

Third, the failure to list the pre-hearing brief as an exhibit does not establish good cause, because a failure to document "does not meet the standard to reopen a determination or decision" unless there is "specific evidence in the case record . . . showing that it is clear that the determination or decision was incorrect." POMS § GN 04010.020F. Plaintiff has not demonstrated that the ALJ neglected to consider her pre-hearing brief,[2] or that the ALJ's decision was incorrect. She thus fails to demonstrate good cause and her complaint is not properly before this court.[3]

Defendant's Motion to Dismiss (Docket # 24) is ALLOWED and Plaintiff's Motion to Deny Defendant's Motion to Dismiss (Docket # 32) is DENIED.

September 22, 2022
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asserts in her May 3, 2019 letter to the Appeals Council that the ALJ accepted the pre-hearing brief as evidence. Docket # 1-9 at 2 (pre-hearing brief "is not mentioned by the ALJ *except in the audio recording upon his accepting it as evidence at the hearing*") (emphasis added).

[3] Because the complaint is untimely, it is not necessary to address Defendant's arguments regarding failure to state a claim, or lack of subject matter jurisdiction, which hinges on whether Plaintiff's complaint raises a "colorable constitutional claim."